IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEBRUARY 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 795

JUDGE SHADUR
MAGISTRATE JUDGE SCHENKIER

| | |
|---|---|
| RAJINI D. KALIDINDI, individually, | ) Civil Action No: |
| PLAINTIFF, | ) Agency File Number: EAC0322952820 |
| v. | ) |
| EMILLO T. GONZALEZ, as Director of the U.S Citizenship and Immigration Services, | ) |
| MICHAEL CHERTOFF, as Secretary of Homeland Security, | ) |
| ROBERT MUELLER III, as Director of Federal Bureau of Investigation | ) |
| DEFENDANTS. | ) |

**COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS**

COME NOW Rajini D. Kalidindi, Plaintiff in the above captioned case and for cause of action would show unto the Court the following:

1.  This is an individual action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. §1361, and the Administrative Procedure Act, 5 U.S.C. §701 *et seq*. This action is brought against the Defendants to compel action for the adjudication of application for adjustment of status submitted by

- 1 -                                                                                                       Complaint

Plaintiff.[1]  The defendants have caused Plaintiff's application for adjustment of status to be delayed for more than four years.

## PARTIES

2.     Plaintiff Rajini D. Kalidindi is a technology professional from India. On July 29, 2003, she submitted her application for adjustment of status concurrently with an employment-based immigration petition filed on her behalf by her employer, Tekstrom, Inc. under the second preference category.[2]  Although Plaintiff's I-140 petition was approved on December 19, 2003 with a priority date of August 16, 2002,[3] her adjustment application is still pending with the United States Citizenship and Immigration Services ("USCIS") as a result of an incomplete Federal Bureau of Investigations ("FBI") name check.[4]

3.     Defendant Emilio T. Gonzalez is the Director of the U.S. Citizenship and Immigration Services ("USCIS"), and this action is brought against him in his official capacity.  He is generally charged with the implementation of the Immigration & Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS.  More specifically, Mr. Gonzalez is responsible

---

[1] Receipt notice for plaintiff's I-1485 adjustment application, Exhibit A, page 12
[2] Approval notice for I-140 immigrant petition, Exhibit B, p. 13
[3] Id.
[4] See Plaintiff's letters to the First Lady and U.S. Senator Jim Webb in Exhibit F, pp. 16-17

for the adjudication of applications for adjustment of status under §245 of the Immigration and Nationality Act ("INA").[5]

4.      Defendant Michael Chertoff is sued in his official capacity as the Secretary of DHS. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

5.      Defendant Robert S. Mueller, III, is sued in his official capacity as Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies including National Name Check Program ("NNCP") mandated by Executive Order 10450, such as the Department of State. As will be shown, Defendant has failed to complete the security clearances of Plaintiff's case.

## JURISDICTION AND VENUE

6.      This Court has Jurisdiction over the present action pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction, as this is a civil action arising under the Code of Federal Regulations of the United States.  See Ahmed v. DHS, 328 F.3d 383, 384 (7th Cir. 2003) [District court has subject matter jurisdiction over mandamus claims unless claim for mandamus relief is patently frivolous.]

---

[5] 8 U.S.C. §1255.

7.  Venue is proper pursuant to 28 U.S.C. §1391(e) because Plaintiff is a resident of the Northern District of Illinois and both the USCIS and FBI operates within this district.

## FACTS

8.  Plaintiff Rajini D. Kalidindi is a citizen and national of India, who filed for adjustment of status with USCIS Vermont Service Center on or about July 29, 2003.[6] Her adjustment application was filed concurrently with an I-140 immigrant petition filed on her behalf under employment-based second preference category by Tekstrom, Inc., a full service Information technology development and consulting company based in Newark, Delaware. The I-140 petition was filed on or about August 11, 2003 and approved on December 19, 2003 with a priority date of August 16, 2002.[7]

9.  On October 6th, 2004, USCIS received the results of Plaintiff's fingerprints.[8]

10. On April 11th, 2005, after repeated enquiries with USCIS, Plaintiff was informed by postal mail that the FBI's Security/Name Check request was pending for her and her husband since October 2004.[9]

11. In the past more than two years, Plaintiff has tried to contact USCIS/FBI for a final decision on her application for adjustment of status through various

---

[6] Receipt notice for Plaintiff's I-485 adjustment application, Exhibit A, p. 12
[7] Approval notice for I-140 petition, Exhibit B, p.13
[8] See the information in Plaintiff's email correspondence with U.S. Rep. Jan Schakowsky at Exhibit D, pp.17-18
[9] Id., see also the information in Plaintiff's email correspondence with First Lady Laura Bush at Exhibit E, p.27

administrative channels. She emailed the FBI office on May 24, 2005 and August 10, 2005 to request expeditious processing of the security/name checks on her and her husband.[10] Having received no response to her requests from FBI, Plaintiff had to seek assistance from U.S. Representatives,[11] U.S. Senators as well as First Lady Laura Bush in the White House.[12] However, Plaintiff's efforts have failed to compel the agencies to complete processing her name check and adjudicating her adjustment application. USCIS had always given the same answer to Plaintiff's case status inquiries that the processing of her case had been delayed because the required security check was incomplete.[13]

12.    The latest USCIS Vermont Service Center Processing Dates posted on November 14, 2007 shows that the agency is currently working on similar applications filed on July 24, 2006.[14] Plaintiff's application was filed in July 2003 and has pending for more than four years now.

13.    Plaintiff believes her immigration case had been mishandled and unreasonably delayed by Defendants. Defendants' unreasonable delay has caused hardship to

---

[10] Plaintiff's requests for name check expedition to FBI Chief David M. Hardy, Exhibit C, pp. 14-16, see also the information in Plaintiff's email correspondence with First Lady Laura Bush at Exhibit E, p.27
[11] Email correspondence with U.S. Representatives, Exhibit D, pp. 17-22, see also the information in Plaintiff's email correspondence with First Lady Laura Bush at Exhibit E, p.27
[12] Correspondence with United States Senate and White House, Exhibit E, pp. 23-28
[13] FBI/USCIS' responses to Plaintiff's FOIPA request and case status inquiry, Exhibit F, pp. 29-30
[14] USCIS VSC Processing dates posted 11-14-2007, Exhibit G, pp. 31-32

Plaintiff's work and family living, making Plaintiff's life very unstable, miserable and restless. [15]

14. Specifically, Plaintiff is harmed in that during the pendency of her adjustment application, she is required to have her biometrics processed repeatedly at the USCIS Application Support Center. [16]

15. In addition, while her case is pending Plaintiff must apply and pay for special travel permission called "advance parole" on an annual basis before she can travel outside of the United States. This foreign travel restriction has adversely affected Plaintiff's ability to conduct business overseas and to visit her family in the event of an emergency.

16. Further more, Plaintiff is harmed in that while her application is pending, she is required to apply and pay for work authorization on an annual basis. Plaintiff's employment and driving privileges are directly tied to the validity of her employment authorization.[17] Any delay by the agency in extending Plaintiff's employment authorization will cause her to be suspended from work and lose driving privileges. These regulatory procedures have become a considerable burden and have cost Plaintiff many work hours as she has take several sets of fingerprints each year. [18]

---

[15] See the information in Plaintiff's email correspondence with First Lady Laura Bush at Exhibit E, p.27
[16] ASC Appointment notices for I-485/I-765 applications, Exhibit H, pp. 33-35
[17] Receipt/approval notices for Plaintiff's annual applications for employment authorization (EAD) & the EAD cards issued in 2003-2007, Exhibit I, pp. 36-41
[18] ASC Appointment notices for I-485/I-765 applications, Exhibit H, pp. 33-35

17. Plaintiff has been unable to obtain travel and work without restriction as well as accrue time to be eligible for naturalization. Therefore, Defendants' unreasonable delay in adjudicating Ms Kalidindi's adjustment application has unlawfully withheld from Ms Kalidindi the benefits of U.S. citizenship, such as the right to vote, to travel freely in and out of the Untied States using a United States Passport, to have jobs that are restricted to Untied States citizens or lawful permanent residents.

18. In addition, the recent arbitrary fee increase on July 30, 2007 also adversely affected the Plaintiff as a direct result of agency's further delays in adjudication her case. Thus, by withholding a decision on her application, Defendants have denied Plaintiff the peace of mind to which she is entitled.

19. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.,* have unlawfully withheld or unreasonably delayed actions on Ms Kalidindi's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## CAUSES OF ACTION,
### (VIOLATION OF IMMIGRATION AND NATIONALITY ACT AND ADMINISTRATIVE PROCEDURES ACT)

**(Employment based Adjustment Application)**

20. Paragraphs 1 through 19 are incorporated herein.

21. Ms Kalidindi is the subject of an approved I-140 immigrant petition filed by TEKSTROM, Inc. pursuant to 8 U.S.C. § 1153(b) (2), immigrant visas are available to the second category preference upon reaching priority dates. Hence, pursuant to 8

U.S.C. § 1255(a), Ms Kalidindi is eligible for adjustment of status to the status of a lawful permanent resident.

22.  Plaintiff has been eligible for adjustment of status since July 2003, for more than four years now. The USCIS Vermont Service Center is processing similar applications filed in July 2007.  Plaintiff's application is clearly unreasonably delayed.

23.  As a result of the aforesaid delay, Plaintiff Ms Kalidindi is subjected to various employment and travel restrictions, as well as personal hardships which she would not have had suffered had the application been adjudicated in a reasonable and timely fashion.

24.  Writ of Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. Donovan v. United States, 580.F.2d 1203, 1208 (3d Cir. 1978).  Defendants have a duty to act upon the applications and have failed to do so in a reasonable time or manner.  See e.g. Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999); Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). Defendants have thus violated the Immigration and Nationality Act by refusing to complete Plaintiff's case.

25.  The Immigration and Nationality Act defines "long-delayed" employment based adjustment applications as those which have been pending for 180 days or longer.  8 U.S.C. § 1154(j).

26.  In addition, Defendants have violated the Administrative Procedures Act ("APA"), which provides that a reviewing court shall compel agency action

unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 555, 702 and 706. Thus, where a statute does not specify a deadline for a particular kind of government action, the APA compels the executive agency to act "within a reasonable time." <u>Patel</u>, supra, 134 F.3d 929 (no time frame specified; court finds 8 year delay unreasonable); <u>Fallini v. Hodel</u>, 783 F.2d 1343 (9th Cir. 1986) (BLM must remove wild horses from private land within a reasonable time where Wild Horses Act specifies no time frame).

32. Plaintiff has exhausted all other available remedies. The record shows that Plaintiff has made numerous case status inquiries over the past three years to no avail. Accordingly, she has "no other adequate means to attain the relief she desperately needs" (<u>Allied Chemical Corp. v. Daiflon. Inc.</u> 449 U.S. 33, 35 (1980). Her right to issuance of the writ is therefore "clear and indisputable."

## REQUEST FOR RELIEF

33. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff Ms Kalidindi respectfully prays that Defendants be cited to appear herein and that, upon due consideration, the Court enters an order:

    (a) Requiring Defendants to immediately take all necessary steps needed to adjudicate Ms Kalidindi's adjustment application;

    (b) Alternatively remand the case back to CIS with an order requiring USCIS to complete adjudication of Plaintiff's application for adjustment of status before visa numbers are exhausted;

(c) Awarding Plaintiff reasonable attorney's fees;

(d) Granting such other relief at law and in equity as justice may require.

Dated: December 19, 200

| | |
|---|---|
| s/ Bonita Hwang Cho | s/ Daniel T. Huang |
| Bonita Hwang Cho | Daniel T. Huang, (Pro Hac Vice Pending) |
| Cheng, Cho & Yee, P.C. | Law Office of Daniel Huang |
| 134 N. La Salle St. | 506 N. Garfield Ave., Ste. 100 |
| Suite 1618 | Alhambra, CA 91801 |
| Chicago, IL 60602 | Tel: (626) 289-0006 |
| Tel: (312) 853-3088 | Fax: (866) 295-7308 |
| Fax: (312) 853-3098 | Lawyer99@pacbell.net |
| bcho@lawyersimmigration.com | |
| Attorney for Plaintiff | Attorney for Plaintiff |

Case Title: <u>Kalidindi v. Gonzalez</u>, Case Number:

**LIST OF ATTACHMENTS**

| Exhibit | Description | Date Identified | Date Admitted |
|---|---|---|---|
| **A** | Receipt notice for Plaintiff's I-485 adjustment application, p. 12 | | |
| **B** | Approval notice for I-140 immigrant petition, p. 13 | | |
| **C** | Plaintiff's requests for name check expedition to FBI Chief David M. Hardy, pp. 14-16 | | |
| **D** | Email correspondence with U.S. Representatives, pp. 17-22 | | |
| **E** | Correspondence with United States Senate and White House, pp. 23-28 | | |
| **F** | FBI/USCIS' responses to Plaintiff's FOIPA request and case status inquiry, pp. 29-30 | | |
| **G** | USCIS VSC Processing Dates posted 11/14/2007, pp. 31-32 | | |
| **H** | ASC Appointment notices for I-485/I-765 applications, pp. 33-35 | | |
| **I** | Receipt/approval notices for Plaintiff's annual applications for employment authorization (EAD) & the EAD cards issued in 2003-2007, pp. 36-41 | | |